### In the matter of ROBERTS' WILL.

The provision of the revised statutes requiring wills to be executed in the presence of two witnesses, does not apply to a will of personal property executed out of this state, by a person domiciled where such will was executed, and who continued to reside there until his death. Neither does it apply to wills of personal estate made before the revised statutes went into effect, although the testator was domiciled here at the time he died.

A will of personal property made out of this state, by a person who was not a citizen of this state, cannot be admitted to probate by the court of chancery here, unless it was duly executed according to the laws of the state or country where it was made; although the testator was domiciled here at the time of his death.

The general law of a foreign state or country may be proved by parol, where it does not appear that such law exists as statute or written law, and of which law an authenticated copy of the record might be produced.

THIS case came before the court upon the application of J. Calf, one of the next of kin of Catherine Roberts, deceased, to establish the will of her husband, whom she survived, as a valid will of personal estate. The instrument propounded purported to be the joint will of Cornelius Roberts and Catherine his wife, executed at the city of San Carlos de Mantanzas, in the island of Cuba, where they were domiciled at the date of the will, in April, 1825; and by which will the survivor was made the sole heir and universal legatee to the other. It was in the mystic form, subscribed by the testator and testatrix at the end thereof, and without witnesses; and was then enclosed in an en-

velope and sealed up ; on which envelope was an endorsement, subscribed by the testator and testatrix, and by an *escribano* and seven witnesses, stating in substance that Roberts and wife appeared before such *escribano* and witnesses, and declared that the enclosed package, sealed with eighteen drops of sealing wax, contained their last will and testament, in which they had appointed executors and heirs and ordained other things according to their pleasure, &c. Roberts subsequently removed to New Brighton, in the county of Richmond, in this state, where he died in December, 1837. After his death, his widow applied to the governor of Cuba to have the will proved and opened and registered, as the will of her deceased husband ; and the same was done accordingly. And the will and proofs thereof were deposited and registered in the office of Don Juan De Entzalgo, an *escribano*, or notary, at the Havanna, in March, 1838. After the death of Mrs. Roberts, who died on her passage to this state shortly after the opening of the will, J. Calf, her brother and one of her next of kin, applied to the chancellor and obtained a commission, and letters rogatory, directed to the judges and civil tribunals at the Havanna, to take the testimony of the witnesses there, for the purpose of proving the execution of the will ; so that letters testamentary or of administration could be granted thereon by the proper surrogate in this state. By the return to the commission, and letters rogatory, it appeared that the will was duly executed ; in the form appearing upon the will itself and by the endorsement on the envelope. A lawyer, who was one of the witnesses to the execution of the will, and the *escribano*, or notary, in whose archieves the will was deposited and registered, both testified that it was executed according to the laws of that country ; and by which laws the original will could not be removed for the purpose of being recorded here.

*S. J. Cowen*, for the petitioner, J. Calf.

*M. I. Townsend*, for the next of kin of decedent.

In matter of
Roberts' will.

THE CHANCELLOR.   ·The provision of the revised statutes requiring wills of personal property to be executed in the presence of two witnesses, does not apply to wills executed out of this state, by persons domiciled in the state or country where the will is made, and who continue to be thus domiciled at the time the will takes effect by death.(a) Neither does it apply to wills made before those statutes went into effect, although the testator was domiciled here at the time of his death.   (2 R. S. 68, § 70, § 77, new ed.) As the testator resided in this state at the time of his death in 1837, this will would be valid according to the law of the testator's domicil when the will took effect by his death, if he had been a citizen at that time.   But as he was a foreigner, and there is no evidence that he was ever naturalized here, the amendments of the revised statutes of 1830, under which the present proceedings are instituted, expressly prohibit the admitting of the will to probate, by a decree of this court, unless it was also duly executed according to the laws of the country where it was actually made.   (2 R. S. 12, § 69, 2d ed.)   There must, therefore, be full and satisfactory evidence that it was duly executed according to the laws of Cuba, at the time of its date.

The witnesses who were examined under the commission in Cuba state, in general terms, that it was executed according to the laws of that country.   It is insisted, however, on behalf of those who are resisting this application, that the laws of Cuba could not be established by parol ; and that a sworn or authenticated copy of the law should be produced.   I think that it is a sufficient answer, to this objection, that it does not appear from the testimony that there is any written law on the subject, of which law an authenticated copy of the record could be produced.   Spain has its *fuero*, or unwritten common law, as well as England and the United States.   Indeed it is an historical fact in relation to the laws of Spain, and which therefore may be referred to as such, that most of the general laws of that kingdom,

(a) See *De Bonneval* v. *De Bonneval*, 1 *Curties' Eccl. Reports*, 856.

particularly the testamentary laws, were originally derived from the Roman civil law. And, notwithstanding the Visigothic kings attempted to banish the civil law from their dominions, by prohibiting it from being cited or acted on in the courts of Spain under very severe penalties, it continues to exist there.

The right of a testator to make a close or secret will, drawn up in writing and enclosed in an envelope, and declared by him to be his will in the presence of seven competent and credible witnesses who subscribe their names with him on the outside of the package, is distinctly recognized, and the form of making such will described, in the Partidas; the compilation of laws directed to be prepared by Alphonzo the wise, king of Castile and Leon, about the middle of the 13th century. (*See* 6 *Partida, tit.* 1, *c.* 2.) I presume it will also be found in the laws of *Toro,* published in 1505, which among other things prescribed the forms to be observed in the making of wills ; and which laws were incorporated into the Recopilacion of Castile, published about sixty years later, under the sanction of Philip the 2d. (*See Recop. Lib.* 5, *tit.* 4, *law* 1 ; *and* 4*th Burge's For. Law,* 408.) These codes or compilations, which form the general laws of Cuba and the other Spanish colonies, except where the Recopilacion of the Indies otherwise provides for the case, certainly cannot be now considered in the nature of statute laws which must be proved by an exemplification of the original records of the compilation ; even if such records ever existed. The testimony then of these witnesses, as to the due execution of this will according to the law of the testator's domicil, is all that is requisite to authorize this court to admit it to probate.

There must therefore, be a decretal order entered in this matter, establishing the instrument propounded, as a valid will of personal estate ; and directing the original explication of the will and the proofs, &c. both in the Spanish language and in the English translation thereof, to be recorded ; and directing the surrogate of the county of Rich-

mond, to issue letters testamentary thereon ; or of administration with the will annexed, in the same manner as if the original will had been duly proved before him and recorded in his office.